1

2

3

4

5              **UNITED STATES DISTRICT COURT**

6              **EASTERN DISTRICT OF CALIFORNIA**

7

8    **UNITED STATES OF AMERICA,**              **CASE NO. 1:13-CR-365 AWI**

9                 **Plaintiff-Appellee,**

10           **v.**                              **ORDER ON APPEAL OF SENTENCE
                                                  AND CONVICTION**

11   **CARLOS SAUCEDO,**

12                 **Defendant-Appellant.**       (Doc. Nos. 8, 9)

13

14           Appellant Carlos Saucedo ("Saucedo") appeals his conviction for driving with a suspended

15   license in Kings Canyon National Park, as well as his sentence of a $350 fine.  On September 19,

16   2013, Saucedo entered a plea of guilty, and the Magistrate Judge imposed a sentence of a $350

17   fine and 6 months unsupervised release.  Saucedo now appeals the sentence imposed and the

18   sufficiency of the evidence to support the conviction.  For the reasons that follow, the Court will

19   affirm the conviction and the sentence.

20

21           *Scope of Review*

22           An appeal from a criminal conviction imposed by a Magistrate Judge lies with a "judge of

23   the district court and must first be brought in the district court before prosecution in the court of

24   appeals."  United States v. Soolook, 987 F.2d 574, 575 (9th Cir. 1993); see also 18 U.S.C. § 3402.

25   The district court's review of the magistrate judge's judgment is governed by the same standards

26   as an appeal from a judgment of a district court to the court of appeals.  Fed. R. Crim. P.

27   58(g)(2)(D); United States v. Stanton, 501 F.3d 1093, 1099 (9th Cir. 2007); United States v.

28   Mancia, 720 F.Supp.2d 1173, 1178 (E.D. Cal. 2010).  In other words, the district court "is to apply

1   the same scope of review as a United States Circuit Court of Appeals would apply in considering

2   an appeal of a judgment from a United States District Court." Mancia, 720 F.Supp.2d at 1178.

3

4   *Background*

5   On May 8, 2013, Ranger Van Der Elst, a park ranger at Kings Canyon National Park ("the

6   Park"), received a report from the park visitor center that people in a maroon Chevy were spray

7   painting signs on National Forest Lands outside of the Park, but that the vehicle was heading into

8   the Park. See Doc. No. 11-1. A few minutes after receiving the report, Ranger Van Der Elst

9   received word that a maroon Chevy was at the Big Stump entrance to the Park. See id. Ranger

10  Van Der Elst was informed that traffic was very light and no other vehicles matching the

11  description of a maroon Chevy had entered the Park. See id. Ranger Van Der Elst contacted the

12  occupants of the vehicle at the Big Stump entrance. See id. The maroon Chevy had five

13  occupants, and was parked with its engine running. See id. Ranger Van Der Elst identified the

14  driver of the vehicle through a California ID card as Saucedo. See id. When asked, Saucedo

15  stated that he did not have a valid driver's license, and that he had been driving anyway. See id.

16  Dispatch confirmed to Ranger Van Der Elst that Saucedo's driver's license was suspended. See

17  id. Ranger Van Der Elst issued a mandatory appearance citation for violation of California

18  Vehicle Code § 14601.1(a), driving while license suspended. See id.

19  Saucedo made his initial appearance before the Magistrate Judge on September 19, 2013.

20  Saucedo's case was an "add-on," and Saucedo did not have an opportunity to confer with a federal

21  defender prior to this appearance. See Doc. No. 7 at p.1. Nevertheless, the Magistrate Judge

22  reviewed Saucedo's financial affidavit and appointed the federal defender who was present at the

23  hearing to represent Saucedo. See id. at p.2. Just prior to appointing the federal defender, the

24  Magistrate Judge gave the Government, the federal defender, and Saucedo the opportunity to

25  confer. See id. The parties conferred for 14 minutes. See id. The federal defender informed the

26  Court that he believed an agreement had been reached. See id. at p.3. The agreement was that

27  Saucedo would plead guilty to the charge of driving with a suspended license and pay a $140 fine,

28  a $25 fee, and a $10 special assessment. See id. The Government confirmed the representation of

1   the federal defender.  See id.  The Magistrate Judge inquired into Saucedo's driving history.  See

2   id. at p.4.  The Government explained that Saucedo had violations for a speeding ticket and failure

3   to appear.  See id. at pp. 4-5.

4        The Magistrate Judge then explained that Saucedo would be pleading guilty to driving

5   while license suspended, that the Court was not a party to the agreement to plead guilty, that if

6   Saucedo did not like the sentence imposed that he could not withdraw the guilty plea, the statutory

7   maximum was 6 months imprisonment, a $5,000 fine, and a $10 special assessment.  See id. at pp.

8   5-6.  The Magistrate Judge explained that by pleading guilty, Saucedo could be sentenced to any

9   of those maximum amounts and that Saucedo could not complain.  See id. at p.6.  Saucedo stated

10  that he understood and that he still wished to plead guilty.  See id. at pp. 6-7.  The Magistrate

11  Judge then explained the trial rights that Saucedo was waiving, and Saucedo stated that he

12  understood and still wanted to plead guilty.  See id. at p.7.

13       The Government then stated the following factual basis: "On May 8, 2013, defendant was

14  stopped at the entrance to the Big Stump entrance of the Sequoia National Park.  Defendant was

15  identified by his . . . California I.D. card and was the driver of the vehicle.  When asked, the

16  defendant stated that he did not have a valid driver's license and that he had been driving

17  anyways."  Id.  Saucedo agreed that the factual basis stated by the Government was true and

18  correct.  See id.  Saucedo then plead guilty, and the Magistrate Judge entered the plea and found

19  that it was knowing and intelligent and supported by an independent basis in fact.  See id. at pp. 7-

20  8.

21       The Magistrate Judge then explained that he carefully reviewed the citation, heard the

22  position of the parties, and heard Saucedo's past driving record.  See id.  The Magistrate Judge

23  stated that he did not think that Saucedo was getting the message, that Saucedo did not understand

24  or appreciate how serious the driving laws are, and that the plea agreement was not going to be

25  followed.  See id. at pp. 8-9.  The Magistrate Judge found that jail was not appropriate.  See id.

26  The Magistrate Judge explained:

27       Based on this offense I think an increased fine is appropriate in this case.  But I'm
         going to tell you, if you continue on this course of practice at such a young age, all
28       you're going to be doing is paying a lot of money for no good reason.  And that's

what you're doing.  You're wasting your money on something that you don't need to be doing.

You're going – this is an utter disregard for the driving laws.  They are serious.  There are reason[s] that they are in place and you don't seem to take – heed that warning.  And I suggest you take the warning and heed that warning.

Therefore I am going to impose a fine in the amount of $315, a $25 processing fee, and a $10 special assessment for a total of $350.

Id. at p. 9.  The Magistrate Judge then ordered Sauced to pay the penalty over a six month period of time, placed Saucedo on a period of informal probation for six months, and ordered a review hearing for February 20, 2014.  See id. at pp. 9-10.

*Appellant's Arguments*

Saucedo raises three errors.  First, Saucedo argues that the Magistrate Judge relied on clearly erroneous facts to find that one speeding ticket and a failure to appear constitutes an "utter disregard for the driving laws."  The record does not support the Magistrate Judge's finding, but instead reflect that Saucedo was unemployed and could not afford to pay a speeding ticket.  Under the Magistrate Judge's reasoning, anyone convicted of a single count of driving with a suspended license has "utter disregard for the driving laws."  One speeding ticket and an inability to pay cannot be a basis for doubling the amount that the parties agreed as part of the agreement.  Saucedo was punished more harshly because he was poor.  Second, Federal Rule of Criminal Procedure 32 requires a court to provide reasonable notice if it intends to depart from the applicable sentencing range on a ground not identified for departure.  Although Rule 32 does not strictly apply, due process requires that the parties have some notice that the sentencing judge is going to double the agreed upon fine.  If the Magistrate Judge had indicated that he was not going to follow the plea agreement, defense counsel would have asked for a continuance in order to confer and advise Saucedo.  Third, there was no proper factual basis for Saucedo's plea of driving with a suspended license.  The factual basis is missing two key elements:  (1) that Saucedo's license was suspended, and (2) Saucedo had knowledge of the suspension.  Although the factual basis may support a conviction for driving without a valid license under California Vehicle Code § 12500, it did not establish a violation of Vehicle Code § 14601.1, driving with a suspended license.

1    *Appellee's Arguments*

2        As to the first and second arguments raised by Saucedo, the Government argues that it is

3    bound by the plea bargain.  Therefore, the Government makes no response to the first and second

4    arguments.  As for the third argument, the Court may look to the record as a whole to establish a

5    factual basis for a guilty plea.  Here, the plea colloquy and the probable cause statement (which

6    was attached to the citation and was considered by the Magistrate Judge) show that Saucedo was

7    driving, Saucedo knew that he did not have a valid license, and that his license had been

8    suspended.  This is a sufficient factual basis.  Alternatively, because Saucedo made no objection to

9    the Magistrate Judge,  review of any Federal Rule of Criminal Procedure 11 error, including Rule

10    11(b)(3)'s requirement of a factual basis for a plea is reviewed for plain error that affected

11    Saucedo's substantial rights. Saucedo must show, but for the error, he would not have pled guilty.

12    Saucedo's brief shows that he conferred with his counsel about the citation and counsel explained

13    the charges.  There is nothing to suggest that any omission in the factual basis affected Saucedo's

14    decision to plead guilty.

15    *Discussion*

16    a.    First Argument

17        The Magistrate Judge examined Saucedo's prior history, which included a speeding ticket

18    and a failure to appear, as well as the facts of this case.  There is a basis for concluding that

19    Saucedo was disregarding the Vehicle Code laws.  Thus, the Magistrate Judge could have

20    reasonably concluded that Saucedo was disregarding a speeding ticket and disregarding the

21    condition/status of his driver's license, and considered that disregard in imposing a sentence.

22    Although relying on erroneous facts in determining a sentence is improper, see Gall v. United

23    States, 552 U.S. 38, 51 (2007), Saucedo has not actually identified any erroneous facts that were

24    relied upon by the Magistrate Judge.  Instead, Saucedo is taking issue with the conclusions

25    reached, and the language used, by the Magistrate Judge.  Additionally, there is nothing to suggest

26    that the Magistrate Judge was considering Saucedo's poverty when the sentence was imposed.

27    Instead, the Magistrate Judge considered the facts of the case and Saucedo's prior driving history.

28    Cf. United States v. Wilson, 469 F.2d 368, 370 (2d Cir. 1972) (affirming revocation of probation

1    where record indicated that probation was revoked due to willful violation of probation terms and

2    not because of impecunity).  Saucedo has not shown error.[1]

3         **b.**     **Second Argument**

4         Saucedo cites only Federal Rule of Criminal Procedure 32 in support of his arguments and

5    seeks to make an analogy to a court's decision to deviate from the applicable sentencing range.

6    However, there is no evidence or argument that the sentence imposed exceeded any of the

7    applicable limits.  Moreover, Saucedo cites no authority that indicates the Magistrate Judge was

8    required to impose the sentence agreed upon by the parties.

9         Additionally, although Saucedo does not cite it, his argument may implicate Federal Rule

10   of Criminal Procedure 11(c)(5), which addresses a court's rejection of a plea agreement.  Because

11   Saucedo did not raise his Rule 11 arguments below, the Court reviews for plain error.  See United

12   States v. Dominguez Benitez, 542 U.S. 74, 80 (2004); United States v. Alonso, 552 Fed. Appx.

13   716 (9th Cir. 2014); United States v. Rivera, 517 Fed. Appx. 596, 597 (9th Cir. 2013).  Saucedo

14   must show error by the Magistrate Judge and a reasonable probability that, but for the error, he

15   would not have entered the plea.  See Dominguez-Benitez, 542 U.S. at 83; Alonso, 522 Fed.

16   Appx. at 716; Rivera, 517 Fed. Appx. at 597.  Here, the fine was double the $175 agreed to by the

17   parties.  However, the Magistrate Judge informed Saucedo that the maximum fine was $5,000.

18   See Doc. No. 7 at p. 6.  A fine of $350 is 7% of the maximum.  Moreover, the Magistrate Judge

19   stated repeatedly that he was not required to impose the sentence that the parties had agreed to, but

20   Saucedo indicated that he still wanted to plead guilty.  See id. at pp. 6-7.  Saucedo makes no

21   argument and does not establish that had the Magistrate Judge indicated that he would be

22   imposing a larger fine than $175, Saucedo would not have pled guilty.  Assuming Rule 11(c)(5)

23   error, such an error was harmless.  See Fed. R. Crim. P. 11(h); Dominguez-Benitez, 542 U.S. at

24   83.

25        **c.**     **Third Argument**

26        Federal Rule of Criminal Procedure 11(b)(3) requires that a court determine that there is a

27

28   _____

[1] It appears that the Magistrate Judge used the term "utter" as a means of emphasizing the importance of the vehicle laws to Saucedo.  See Doc. No. 7 at pp. 8-9.

1   factual basis for the plea.  The elements of an offense under California Vehicle Code § 14601.1

2   are:  (1) a person drove a motor vehicle; (2) the person's driving privileges had been previously

3   suspended or revoked; and (3) the person had knowledge that his driving privileges had been

4   suspended or revoked.  See Emmerson v. Yates, 2007 U.S. Dist. LEXIS 80266, *57 (E.D. Cal.

5   Oct. 30, 2007); CALJIC No. 16.640.  Here, the factual basis read at the plea colloquy by the

6   Government did not include the element that the license was suspended.  See Doc. No. 7 at p. 7.

7   However, the Court agrees with the Government that there was a sufficient factual basis for the

8   plea.  The citation, which included a sworn statement of probable cause, indicates that the Saucedo

9   stated that he did not have a valid driver's license, and that dispatch *confirmed* that Saucedo's

10  license was suspended.  See Doc. No. 11-1.  This indicates suspension and knowledge of the

11  suspension by Saucedo.  See id.  The Court finds a sufficient factual basis for purposes of Rule

12  11(b)(3).  See Rivera, 517 Fed. Appx. at 597; United States v. Mancinas-Flores, 588 F.3d 677, 682

13  (9th Cir. 2009).

14          Alternatively, any error was harmless.  Because Saucedo did not raise his Rule 11

15  arguments below, the Court reviews for plain error.  See Dominguez Benitez, 542 U.S. at 80;

16  Rivera, 517 Fed. Appx. at 597.  Saucedo must show that, but for the error, he would not have

17  entered the plea.  See Dominguez-Benitez, 542 U.S. at 83; Rivera, 517 Fed. Appx. at 597.

18  Saucedo makes argument or showing that but for any Rule 11(b)(3) error, he would not have pled

19  guilty.

20

21                                          **<u>ORDER</u>**

22          Accordingly, IT IS HEREBY ORDERED that Appellant's grounds for review are

23  DENIED and the judgment of the Magistrate Judge is AFFIRMED.

24

25  IT IS SO ORDERED.

26  Dated:   June 16, 2014         _____

27                                  SENIOR  DISTRICT  JUDGE

28

                                          7